SIGAL CHATTAH
United States Attorney
Nevada Bar No. 8264
STEVEN J. ROSE
Assistant United States Attorney
Nevada Bar No. 13575
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Steven.Rose@usdoj.gov
*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRYAN WESLEY ANDERSON,<br><br>and<br><br>DANIEL DOUCETTE,<br><br>　　　　　Defendants. | 2:23-cr-212-GMN-NJK<br><br>**Stipulation and Order to Continue Hearing on Motion to Suppress**<br><br>**(Fourth Request)** |

　　　It is hereby stipulated and agreed, by and between SIGAL CHATTAH, United States Attorney, and Steven J. Rose, Assistant United States Attorney, counsel for the United States of America, TODD M. LEVENTHAL, counsel for defendant Bryan Anderson, and KAREN A. CONNOLLY, counsel for defendant Daniel Doucette, that the hearing on defendants' motion to suppress and motion for joinder, ECF Nos. 47 and 48, scheduled for April 30, 2025, be vacated and set to a date and time convenient to the Court,

not sooner than 60 days. In support of this request, the parties state the following:

    1.    On August 10, 2024, Defendant Anderson filed the instant motion to suppress. ECF No. 47.

    2.    On August 18, 2024, Defendant Doucette filed a motion for joinder to that motion to suppress. ECF No. 48.

    3.    The government filed its response on August 27, 2024. ECF No. 49.

    4.    Defendants Doucette and Anderson filed replies on September 4 and 5, 2024. ECF Nos. 50, 51.

    5.    On September 16, 2024, the Court set an evidentiary hearing for October 7, 2024. ECF No. 55.

    6.    On September 19, 2024, Defendant Anderson filed a Notice of Attorney Appearance, indicating that he had hired new counsel. ECF No. 56 The Court filed an order granting that notice the following day. ECF No. 57.

    7.    In subsequent discussions, the parties discussed whether the instant case, 2:24-cr-0052 would be returned to the originating district. Because of the recent substitution of counsel in 2:23-cr-0212, no actions were taken until counsel could review the discovery and discuss the options with Defendant Anderson.

    8.    On September 24, 2024, the parties submitted an order continuing the hearing on the motion to suppress based upon a scheduling conflict and the recent change of counsel. ECF No. 60. The hearing on the motion was rescheduled to December 9, 2024. ECF No. 62.

    9.    Previously counsel for defendants encountered substantial difficulties reviewing certain discovery in the case, namely intercepted electronic communications.

10. The parties agree that the intercepted communications are of substantial importance to the resolution of the pending motion.

11. Previously, the parties met in-person to review the data that has not been easily accessible. The parties reviewed numerous messages, though the volume of intercepted messages is substantial, and identifying every relevant message is time-consuming.

12. The parties have also continued to engage in negotiation discussions. The government anticipates resolving the case with at least one of the defendants in the near future. One portion of that resolution would include resolving the pending motion to suppress.

13. The parties have made substantial progress in negotiations. The government anticipates having a plea agreement presented to Defendant Anderson in the near future, though Defendant Anderson will likely require some time to review it with his counsel. The government and counsel for Defendant Doucette are also getting closer to a resolution.

14. In an unrelated matter, counsel for the government had been scheduled to begin trial on April 21, 2025. The preparation for that trial was lengthy and slowed the progress on negotiations in the instant case. On April 15, 2025, that trial was continued, and thus the government will no longer have that impediment to finalizing the negotiations on this case.

15. Defendant Doucette is not in custody and does not object to the continuance.

16. Defendant Anderson is in custody and does not object to the continuance.

17. Denial of this request could result in a miscarriage of justice. This continuance will allow counsel for Defendants to continue investigation, review of

discovery, development of defense strategies, and discussion of resolutions. The additional time requested by this stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 (h)(7) and (h)(7)(A), when considering the factors under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (vi).

Respectfully submitted this 22nd day of April 2025.

SIGAL CHATTAH
United States Attorney

/s/ Steven J. Rose
STEVEN J. ROSE
Assistant United States Attorney

/s/ Todd M. Leventhal
TODD M. LEVENTHAL
Counsel for Defendant,
BRYAN WAYNE ANDERSON

/s/ Karen A. Connolly
KAREN A. CONNOLLY
Counsel for Defendant,
DANIEL DOUCETTE

SIGAL CHATTAH
United States Attorney
Nevada Bar No. 8264
STEVEN J. ROSE
Assistant United States Attorney
Nevada Bar No. 13575
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
*Attorneys for the United States of America*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| United States of America, | 2:23-cr-212-GMN-NJK |
|---|---|
| Plaintiff, | **Order Approving Stipulation to Continue Motion Hearing** |
| v. | |
| BRYAN WAYNE ANDERSON, | **(Fourth Request)** |
| and, | |
| DANIEL DOUCETTE, | |
| Defendants. | |

Based on the pending stipulation of the parties, and upon the Court's finding of good cause, IT IS HEREBY ORDERED:

**FINDINGS OF FACT**

1. The parties agree to the continuance.

2. The additional time is needed to ensure that all pertinent is accessible to counsel for defendants.

3. The parties are making progress toward resolution of the case, part of which would include resolution of the hearing, and if those negotiations are fruitful, the need for the hearing would cease.

4. Prior impediments to resolution are no longer present.

5. The parties are also working to ensure that if the hearing is necessary as to one or both defendants, that the relevant communications are identified from within the voluminous intercepted communications, to streamline the proceedings.

6. The additional time requested herein is not sought for purposes of delay, but to facilitate counsel's receipt and review of necessary discovery and ongoing discussions between counsel.

7. Additionally, denial of this request for a continuance could result in a miscarriage of justice. The requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161 (h)(7), and 3161(h)(7)(A), considering the factors under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (vi).

## CONCLUSIONS OF LAW

The ends of justice served by granting said continuance outweigh the best interests of the public and the defendant, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient opportunity to potentially resolve the cases prior to trial, and further would deny the parties sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for the trial, taking into account the exercise of due diligence.

The time from the continuance sought herein is excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7), and 3161(h)(7)(A), when considering the factors under 18 U.S.C. §§ 3161(h)(7)(B)(i) and (iv).

**ORDER**

IT IS HEREBY ORDERED that the motion hearing currently scheduled for April 30, 2025, be vacated and continued to July 15, 2025, at 10:00 a.m.

DATED: April 22, 2025

_____
HONORABLE NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

3